In an opin *1003 ion dated March 20, 1970, 191 Ct. Cl. 205, 423 F. 2d 324, the the court denied plaintiff’s first cause of action, and entered partial summary judgment for plaintiff on his second cause of action for $45,434.33 subject to setoff in the amount of the Government’s recovery on its first and second counterclaims. Since plaintiff bought in a bankruptcy sale the claim on which he sues, the Government could have no affirmative judgment on its counterclaims which arise from the preexisting contractual relationship between the Government and plaintiff’s predecessor. As to the first counterclaim, plaintiff was held liable for his predecessor’s breach of contract with the Government, and as to the second counterclaim, plaintiff admitted liability for $757.06. The case was returned to the trial commissioner for further proceedings on plaintiff’s liability for damages. Commissioner Schwartz on January 19, 1972 issued a report on the amount of damages to which the Government had a right of recovery on its first counterclaim. On October 20,1972 the court issued the following order:
This case comes before the court on the merits, having been submitted on oral argument of counsel and the briefs of the parties on plaintiff’s exceptions, filed March 21, 1972, to the opinion and report of Trial Commissioner David Schwartz, filed January 19, 1972. Upon consideration thereof, since the court agrees with the commissioner’s opinion, findings of fact and recommended conclusions of law, * * * , it hereby adopts the same as the basis for its judgment in this case.
it is ti-iereeore CONCLUDED and ordered that the defendant has a right to damages on its first counterclaim of $53,061.84 and on its second counterclaim of $757.06, a total of $53,818.90, a sum greater than the amount of $45,434.33, for which partial summary judgment for plaintiff was entered earlier herein (191 Ct. Cl. 205, 423 F. 2d 324 (1970)) ; and that thus said partial summary judgment is entirely offset; and that accordingly defendant not being entitled to any affirmative judgment against the plaintiff, neither party is entitled to judgment against the other; and, finally, that the petition and counterclaims are dismissed.
BY THE COUNT
(Sgd.) Wilson Cowen Chief Judge